UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVID COLE,** <br> **46 Vienna Street** <br> **San Francisco, CA  94112** <br> <br> **Plaintiff,** <br> <br> v. <br> <br> **DR. WALTER G. COPAN, in his official capacity** <br> **as Director of the National Institute for Standards and** <br> **Technology, AND THE NATIONAL** <br> **INSTITUTE OF STANDARDS AND** <br> **TECHNOLOGY** <br> **100 Bureau Drive, Stop 1070** <br> **Gaithersburg, MD 20899-1070** <br> <br> **Defendants.** | Case No. _____ |

**COMPLAINT FOR INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to order the production of federal agency records including input data and analyses related to government studies and reports concerning the collapse on September 11, 2001 (9/11) of the World Trade Center Seven (WTC7) building in New York City.  WTC7 was the third steel framed high-rise tower to collapse on 9/11, and the only one of the three to have not been struck by an aircraft. Defendants have improperly withheld these requested records from Plaintiff Cole.

2. This court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

3. Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

4. Plaintiff, David Cole, a researcher and concerned citizen, is the requester of the records which Defendants are now withholding.

5. Plaintiff has requested this information for use in public education efforts on a matter

1

of national importance. Release of the requested records is in the public interest.

6. Defendant National Institute of Standards and Technology (NIST) is an agency of the United States. Defendant Dr. Walter G. Copan is Director of Defendant federal agency NIST. Defendants have possession and control of the records that Plaintiff Cole requested.

**COUNT I: DEFENDANTS VIOLATED THE FOIA BY WITHOLDING AGENCY RECORDS ON THE BASIS OF A CLAIMED STATUTORY EXEMPTION THAT DOES NOT APPLY, ARBITRARILY AND CONTRARY TO LAW**

7. All of the foregoing paragraphs are incorporated herein by reference.

8. On July 8, 2012, Plaintiff Cole filed a FOIA request with NIST which requested agency records related to input data and analyses conducted by NIST of one very specific component of WTC7, the Column 79 seated connection, which NIST had publicly reported was key to the initiation of WTC7's collapse on 9/11. On July 10, 2012, NIST acknowledged receipt of Cole's FOIA request and assigned it FOIA Log #12-177.

9. On July 12, 2012, NIST acknowledged receipt of Cole's clarified/amended FOIA request.  In his July 12, 2012 clarified/amended FOIA request, Cole requested NIST's input data and original analyses for the seated connection at Column 79 of WTC7 from NIST's study and report regarding the collapse of WTC7 on 9/11. In his clarified and amended FOIA request Cole referenced relevant NIST reports and errata notices regarding same.

10. On August 16, 2012, NIST provided a final response to Cole's FOIA request, announcing that it was withholding all responsive records on the stated basis that a statutory exemption applied. NIST asserted that the requested records are exempt from disclosure under section (b)(3) of the FOIA, 5 U.S.C. § 552 (b)(3).

11. Exemption (b)(3) permits an agency to withhold records in an agency's possession

which are records that are "specifically exempted from disclosure by statute (other than 552 (b)), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld."

12. NIST further asserted in its final response to Cole's FOIA request that the statute underlying its asserted (b)(3) exemption in this case is the National Construction Safety Team (NCST) Act, 15 U.S.C. § 7301 et seq. Section 12 of the NCST Act (15 U.S.C. § 7311) provides that it applies to the activities of NIST in response to the attacks of September 11, 2011. In particular, NIST asserted that Section 7(d) of the NCST Act (15 U.S.C. § 7306(d)), exempts from disclosure, information "received by" NIST in the course of investigations regarding building failures if the Director of NIST finds that the disclosure of the information might jeopardize public safety.

13. NIST further asserted in its final response to Cole's FOIA request that on July 9, 2009, the NIST Director determined that release "of the withheld information" might jeopardize public safety. However, the 2009 determination by the Director referenced by NIST in its final response to Cole's FOIA request pre-dated Cole's FOIA request by three years and thus could not have been a determination specific to Cole's request. This 2009 determination by the NIST Director was made in relation to another FOIA case. *Quick v. U.S. Dept. of Commerce, Nat. Institute of Standards and Technology*, 775 F.Supp.2d 174, 178 (D.D.C. 2011). Following this determination by the NIST Director, which was not a global and unqualified determination that release of any and all WTC7 collapse related files might jeopardize public safety, NIST staff were called upon to segregate those WTC7 collapse related files that in their view fell within this determination by the Director (some 68,000 files) from those WTC7 collapse related files which

did not fall within this determination and which could therefore, in NIST's view, be released in that prior case (some 25,000 files). *Id*. The plaintiff in that prior case did not contest NIST's categorization of records as exempt or non-exempt, or NIST's conclusions regarding which records were segregable. *Id*. at 179-82.

14. On August 22, 2012, Cole filed an administrative appeal of NIST's final determination denying him access to all of the requested records.

15. On August 24, 2012, NIST acknowledged receipt of Cole's administrative appeal.

16. On April 24, 2013, NIST issued its decision denying Cole's administrative appeal, continuing to rely on the asserted statutory exemption for withholding all of the requested records, and asserting that the records Cole requested fell within the prior 2009 determination by the NIST Director of categories of WTC7 collapse related records that might jeopardize public safety if released (or were not segregable from such allegedly exempt records).

17. The statutory exemption claimed by NIST as its basis for withholding all of the requested records is not applicable because release of the requested records would not jeopardize public safety and the conclusion to the contrary by the Director of NIST was arbitrary and capricious and without a basis in fact.

18. The statutory exemption claimed by NIST as its basis for withholding <u>all</u> of the requested records is not applicable because Defendants have admitted that at least <u>some</u> of the requested records were not "received by" NIST, and therefore the claimed statutory exemption would not apply.

19. Some of the requested records that are records that were "received by" NIST are records NIST has previously released or publicly disclosed in other contexts, a fact which undercuts the Director's determination that release of these particular records would endanger

public safety.

20. Years of technical analysis by numerous independent scientists, architects, and engineers of the cause of the collapse of WTC7 on 9/11, including the work of the nonprofit Architects & Engineers for 9/11 Truth, provide persuasive evidence that NIST's WTC7 collapse analysis is technically flawed in critical respects in a manner that effectively conceals the true cause of the collapse of this 47 story high-rise (the use of explosives).

21. The refusal of NIST to allow public scrutiny and independent scientific peer review of NIST's findings via access to NIST's key data and analyses actually has an effect which is the opposite of what Congress intended in enacting the public safety endangerment exemption. NIST's unjustified secrecy and non-disclosure conceals a real danger to public safety that could be effectively addressed by NIST compliance with the FOIA.

22. Because NIST has seen fit to keep these requested records secret from the public without justification, the disclosure of these records would be helpful in understanding the workings of the government, including in this case decisions by government officials to withhold from the public evidence of the use of explosives at WTC7 on 9/11.

23. Defendants have to date failed to produce to Plaintiff or allow Plaintiff access to the above referenced withheld requested records.

24. Plaintiff has a right of access to the requested records under 5 U.S.C. § 552(a)(3), and there is no legal basis for Defendants' denial of such access.

**COUNT II:   DEFENDANTS VIOLATED THE FOIA BY ARBITRARILY WITHOLDING AGENCY RECORDS ON THE BASIS OF A CLAIMED INABILITY TO SEGREGATE RESPONSIVE RECORDS FROM A LARGER SET OF RECORDS RELATED TO NIST'S OVERALL ANALYSIS OF THE WTC7 COLLAPSE ON 9/11, WHEN SUCH CLAIMED INABILITY TO SEGREGATE DOES NOT EXIST**

25. All of the foregoing paragraphs are incorporated herein by reference.

26. In its decision denying Cole's administrative appeal, NIST asserted that even if the public disclosure by NIST of the narrow set of records requested by Cole would not in itself create a danger to public safety, that the narrow records Cole has requested cannot be segregated out of the much larger set of all NIST records related to Defendants' WTC7 collapse analysis.

27. NIST's assertion of the impossibility of segregating out the specific narrow set of records Cole has requested has no basis in fact. All WTC7 building component dimensions and other starting data points relating to WTC7 and the events of 9/11 that were required as input into NIST's still secret computer model clearly existed as freestanding data and records prior to this information being input into the computer model and such later input into the model does not alter the fact that such building component dimensions and other WTC7 data exist independent of the model and can be produced to Plaintiff Cole without disclosing the inner workings of NIST's computer-based building collapse modelling program.

28. NIST's computer model, on information and belief, as all modern computer modelling programs, has the capability of printing out or saving to an electronic file or at minimum showing on screen (capable of being saved and printed by computer "print screen" functions) not only all data inputs and all output results, but also inputs, outputs and sub-analyses for each critical element being modelled. Thus, even the records Cole requests regarding the Column 79 seated connection in WTC7 that have been created as a function of running NIST's

(or its contractor's) computer model can be electronically saved or printed without disclosing the programming code or inner workings of NIST's model beyond those specific records.

29. Because NIST has seen fit to keep these requested records secret from the public without a legitimate basis in law or fact, the disclosure of these records would be helpful in understanding the workings of the government, including in this case decisions by government officials to withhold from the public evidence of the use of explosives at WTC7 on 9/11.

30. Defendants have yet to produce copies of these requested records to Plaintiff or otherwise provide Plaintiff access to these requested records.

31. Plaintiff has a right of access to the requested records under 5 U.S.C. § 552(a)(3), and there is no legal basis for Defendants' denial of such access.

WHEREFORE, Plaintiff requests this Court to:

(1) Order Defendants to provide Plaintiff access to all records responsive to Plaintiff's FOIA request;

(2) Order the prompt production of a *Vaughn* index for any records the Defendants believe should be withheld;

(3) Award to Plaintiff Cole, against Defendants, Plaintiff's costs and reasonable attorneys' fees in this action, as provided in 5 U.S.C. § 552(a)(4)(E); and

(4) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/John M. Clifford
John M. Clifford, #191866
Clifford & Garde, LLP
1850 M St., NW, Suite 1060
Washington, D.C. 20036
Tel. 202.280.6115
E-mail: jclifford@cliffordgarde.com

Mick G. Harrison, Esq.
Pennsylvania Bar No. 65002
U.S. Ct. of Appeals for the Dist. of Columbia Cir. #55038
(Of counsel, application for admission pending)
520 S. Walnut Street, #1147
Bloomington, IN  47402
Phone: 812-361-6220
Fax: 812-233-3135
E-mail: mickharrisonesq@gmail.com

Counsel for Plaintiff

Dated: April 24, 2019